**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FREEMAN WEBB,**

                              **Plaintiff,**

               **v.**                                      **9:07-CV-608**
                                                           **(FJS/DRH)**

**BRION D. TRAVIS, Chair, New York State**
**Division of Parole,**

                              **Defendant.**
_____

**APPEARANCES**

**FREEMAN WEBB**
**95-A-0087**
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff _pro se_

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        The Clerk of the Court has sent Plaintiff Freeman Webb's amended civil rights complaint,

which he filed in compliance with this Court's June 24, 2007 Memorandum-Decision and Order,

to the Court for its review.[1]

_____

        [1] By Order dated June 5, 2007, the United States District Court for the Eastern District of
New York (Ross, J.) dismissed Plaintiff's complaint "against the judicial officers named as
defendants pursuant to 28 U.S.C. § 1915A(b)," transferred "[t]he complaint against defendant
Brion D. Travis, Chair, New York State Division of Parole" to this District, and reserved
"[e]nforcement of the Prison Litigation Reform Act" to this District. _See_ Dkt. No. 5 at 5.

## II. DISCUSSION

In his amended complaint, Plaintiff attempts to reassert claims against "[a]ll Defendants(s) mentioned in the Plaintiff's Rule 60(b) Motion . . . ."  *See* Amended Complaint at ¶ 11.  This statement appears to be a reference to the judicial officers who were dismissed from this action in the United States District Court for the Eastern District of New York's Order dated June 5, 2005.  *See* Dkt. No. 5 at 5.  However, that court denied Plaintiff's Rule 60(b) motion in an Order dated July 26, 2007.  *See* Dkt. No. 10.  Accordingly, those judicial officers are not parties to this action.

Plaintiff also seeks to assert claims against the City of Albany and the City of New York due to their employment of certain State Supreme Court justices.  *See* Amended Complaint at ¶¶ 9-10.  However, State Supreme Court justices are not employees of the city or county where their courts are located.  Rather, they are elected officials who receive their compensation from the State of New York and are subject to the oversight of the State Commission of Judicial Conduct.  Thus, Plaintiff's claims that these municipalities illegally employed these individuals or were deliberately indifferent to these individuals' violations of Plaintiff's constitutional rights must fail.[2]

Plaintiff's amended complaint is also replete with allegations regarding the alleged denial of due process in the parole hearing and his travails in attempting to obtain information that he believes would be favorable to him.  However, as the Court advised Plaintiff in its June 24, 2007

---

[2] The Court also notes that a plaintiff may not hold a municipality liable under 42 U.S.C. § 1983 on the basis of *respondeat superior* alone.  *See Campanaro v. City of Rome*, 999 F. Supp. 277, 281 (N.D.N.Y. 1998) (noting that municipal liability under 42 U.S.C. § 1983 "may not be founded solely on a municipality's employment of a tortfeasor." (citation omitted)).

Memorandum-Decision and Order, "[i]nmates do not have a constitutional right to be released on parole or to participate in prison programs. *See* Memorandum-Decision and Order dated June 24, 2007, at 4. n. 2 (citations omitted). Thus, Plaintiff's claims, brought pursuant to 42 U.S.C. § 1983 to challenge the alleged due process violations in his parole hearing fail to state an actionable claim under 42 U.S.C. § 1983.**³**

With respect to Plaintiff's ADA claim, the Court advised Plaintiff in its previous Order that

> Title II of the ADA and § 504 of the Rehabilitation Act apply to inmates in state prisons. . . . To state a claim under Title II of the ADA, a prisoner must show: "(1) he or she is a 'qualified individual with a disability'; (2) he or she is being excluded from participation in, or being denied the benefits of some service, program, or activity by reason of his or her disability; and (3) the entity [that] provides the service, program, or activity is a public entity." . . .
>
> *Shariff v. Artuz*, No. 99 CIV. 0321, 2000 WL 1219381, *4 (S.D.N.Y. Aug. 28, 2000) (internal quotation and citations omitted).

*See* Memorandum-Decision and Order dated June 24, 2007, at 4.

In his amended complaint, Plaintiff alleges that his disability is that he has not been able to "speak above a whisper since birth." *See* Amended Complaint at ¶ 41. Plaintiff also contends that he requested that the Parole Board provide him with a keyboard to communicate with the

_____

³ "An essential element of a § 1983 claim is that 'the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.' *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *see also Sykes*, 13 F.3d at 519 (noting that "to prevail on a section 1983 claim, the plaintiff must show that the defendant's conduct deprived him of a federal right" (citations omitted))." *See* Memorandum-Decision and Order dated June 24, 2007, at 3.

Parole Board.  *See id.* at ¶ 45.  In addition, Plaintiff states that he appeared before the Parole

Board via teleconferencing under written protest.  *See id.* at ¶ 47.  Finally, Plaintiff asserts that he

was irreparably harmed because the transcripts from his hearing were marked as inaudible and

his objections and answers were not recorded.[4]  *See id.* at ¶ 46.

      Although Plaintiff's allegations are sufficient, at least at this early stage of the litigation,

to show that he is a qualified individual with a disability and that the Parole Board is a public

entity, his allegations are insufficient to show that the Parole Board excluded him from the parole

process because of his disability.  Moreover, Plaintiff does not allege that the Parole Board

denied him the use of a keyboard due to any animus or ill will based upon his disability.  Nor

does Plaintiff assert that the Parole Board denied him parole due to his disability or ill will or

animus based upon his disability or that his disability had any impact on the Parole Board's

determination.  Finally, Plaintiff does not claim that the absence of the keyboard made it

impossible for him to communicate with the Parole Board at his hearing or that his

communication with the Parole Board was in any way obstructed or limited. Therefore, this

Court finds that Plaintiff has failed to set forth a claim for violation of his rights under Title II of

the ADA.

---

     [4] In the Article 78 proceeding in which Plaintiff challenged the Parole Board's
determination, the state court did not note any deficiencies in the record presented for its review.
Furthermore, the court noted that "requiring him to appear by teleconference despite his speech
impediment . . . posed no obstacle to communications during the hearing and was rationally
related to ensuring a personal interview . . . ."  *Webb v. Travis*, 26 A.D.3d 614, 615-16 (3d Dep't
2006) (internal citation omitted).  Plaintiff has offered no evidence that the transcripts were
inaudible or other wise prevented full and meaningful state-court review.

## III. CONCLUSION

After carefully reviewing the entire file in this matter and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated:  November 30, 2007
        Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge